

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-23-00076-CV

───────────────────────

FRED SAMIEI, Appellant

V.

AMERICAN FURUKAWA, INC., Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2022-02389

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

On March 13, 2023, we sent Appellant Fred Samiei[1] a letter, which stated the following:

> The court has received a copy of the "Affidavit" in this case, which appears to express appellant's desire to appeal. *See* Tex. R. App. P. 25.1(e). The court is concerned that it may not have jurisdiction over this appeal because the notice of appeal was not timely filed. Tex. R. App. P. 26.1. The authenticated copy of the foreign judgment was filed in the trial court clerk's office on July 27, 2022, so the notice of appeal was due August 26, 2022, but was not filed until March 9, 2023.
>
> Unless the appellant or any party desiring to continue the appeal files with the court, on or before **Thursday, March 23, 2023**, a response showing grounds for continuing the appeal, this appeal may be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a), 44.3.

We received a timely response, but it does not show grounds for continuing the appeal.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.

---

[1]The judgment appealed from was entered against Ipex Import LLC—not Samiei. We have listed Samiei as appellant because his affidavit states, "I am writing this appeal in regards to the default judgment entered against me in the case of American Furukawa, Inc. vs. Ipex Import LLC." Despite appearing pro se, it appears that he is attempting to initiate an appeal on behalf of Ipex Import LLC, though he notes that the entity "is no longer in business, and therefore the judgment against [him] is of no practical use." Due to jurisdictional issues, the effect of the judgment is not before us. We note, however, that "[a] company that is a separate legal entity generally may not appear in court through a member who is not an attorney." *JW Constr. v. Queen Shiva, LLC*, No. 02-21-00019-CV, 2021 WL 832717, at *1 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op.).

1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because the notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: April 6, 2023